IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM DENKEWALTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-5013 |
| ) | |
| JOHN EVERETT THOMAS, individually; ) | Hon. Judge Charles P. Kocoras |
| DANIEL OLSWANG, individually; FREEDOM ) | |
| DEVELOPMENT GROUP, LLC, an Illinois ) | Magistrate Judge Jeffrey T. Gilbert |
| limited liability company, and all series thereof ) | |
| (FREEDOM DEVELOPMENT GROUP, LLC – ) | JURY DEMANDED |
| 87TH STREET; FREEDOM DEVELOPMENT ) | |
| GROUP, LLC – AURORA; FREEDOM ) | |
| DEVELOPMENT GROUP, LLC – NORTH ) | |
| AVENUE; FREEDOM DEVELOPMENT ) | **Remely and Hansen's Reply to** |
| GROUP, LLC – PITTSFIELD; FREEDOM ) | **Defendants Opposition to Motion to** |
| DEVELOPMENT GROUP, LLC – STARVED ) | **Consolidate** |
| ROCK MARINA; FREEDOM DEVELOPMENT ) | |
| GROUP, LLC – WAUKEGAN); FREEDOM ) | |
| DEVELOPMENT GROUP, LLC – ELGIN ) | |
| HOSPITAL, a dissolved Illinois limited liability ) | |
| company; FREEDOM DEVELOPMENT GROUP, ) | |
| LLC – ROUND LAKE, a dissolved Illinois limited ) | |
| liability company; JET PARK, LLC, an Illinois ) | |
| limited liability company; 901 CENTER STREET ) | |
| HOLDINGS LLC, an Illinois limited liability ) | |
| company; JET HOSPITALS LLC, an Illinois ) | |
| limited liability company; TOT Holdings I LLC, an ) | |
| Illinois limited liability company; TOT Holdings II ) | |
| LLC, an Illinois limited liability company; STAR ) | |
| REAL ESTATE, LLC, a terminated Illinois limited ) | |
| liability company; JET FOODS LLC, an Illinois ) | |
| limited liability company; JET FOODS BISHOP ) | |
| LLC, an Illinois limited liability company; JET ) | |
| FOODS CAROL STREAM LLC, an Illinois ) | |
| limited liability company; JET FOODS HARVEY ) | |
| LLC, an Illinois limited liability company; JET ) | |
| FOODS NAPERVILLE LLC, an Illinois limited ) | |
| liability company; JET FOODS OAKTON LLC, an ) | |
| Illinois limited liability company; JET FOODS ) | |
| PARK FOREST LLC, an Illinois limited liability ) | |
| company; JET FOODS ROCKFORD LLC, an ) | |
| Illinois limited liability company; and JET ) | |

STRUCTURES LLC, an Illinois limited liability )
company, )
)
                Defendants. )

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARREL REMILY and RANDAL HANSEN, ) | |
| ) | |
|     Plaintiffs, ) | |
| v. ) | Case No: 1:20-cv-7324 |
| ) | |
| FREEDOM DEVELOPMENT GROUP, LLC, an ) | Hon. Franklin U. Valderrama |
| Illinois limited liability company; JET PARK, LLC, ) | |
| An Illinois limited liability company; 901 CENTER ) | Magistrate Judge Maria Valdez |
| STREET HOLDINGS LLC, an Illinois limited ) | |
| liability company; JET HOSPITALS LLC, a ) | JURY DEMANDED |
| terminated Illinois limited liability company, STAR ) | |
| REAL ESTATE, LLC, a terminated Illinois limited ) | |
| liability company; JOHN THOMAS, individually; ) | |
| KIM DENKEWALTER, individually; and ) | |
| DANIEL OLSWANG, individually, ) | |
| ) | |
|     Defendants. ) | |

**PLAINTIFFS REMILY AND HANSEN REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR CONSOLIDATION OF CASES 1:20-cv-07324 and 1:20-cv-05013**

Plaintiffs, DARREL REMILY and RANDAL HANSEN, ("Remily and Hansen") reply to Defendants' opposition to Plaintiffs' motion to consolidate as follows:

1. Defendants first assert that both cases have Racketeer Influenced and Corrupt Organizations Act or "RICO" violation claims with pending motions to dismiss which if the Court rules favorably to Defendants, the Court will then not have federal jurisdiction. The Defendants contend that Plaintiffs base their jurisdictional federal claims exclusively on 28 U.S.C §1331, 1332 and 18 U.S.C.§ 1962 and 1964 the RICO Statute. Defendants are incorrect in their assertion in that even in the unlikely event that Defendants were to prevail, and the RICO claims are dismissed, the Court would not loose jurisdiction as Remily, and Hansen reside in South Dakota thus the Court would still have diversity jurisdiction pursuant to 28 U.S.C.1332. Because Remily and Hansen reside out of state they have also pled diversity as a jurisdictional basis in their complaint; consequently, the Court would not loose federal jurisdiction as incorrectly asserted by Defendants in their Response.

2. Defendants then assert that the facts asserted in both complaints are not similar and attempt to distinguish the Remily, Hansen and Denkewalter claims as mere breach of contract claims which Defendants allege are unrelated and "tangential to the main issues in the case". While both complaints include breach of contract counts in the

2

alternative, independent and interrelated to the breach of contract claims, the Plaintiffs, Remily, Hansen and Denkewalter allege that Plaintiffs engaged in a pattern of predicate acts including a scheme to defraud comprising of repeated acts of wire fraud in violation of 18 U.S.C. § 1343 (the "Wire Fraud Statute"). Both complaints allege that Defendants John Everest Thomas and Daniel Olswang (collectively "Thomas and Olswang") perpetrated predicate acts involving a pattern of interstate wire fraud against each of Remily, Hansen and Denkewalter, (a) using wire communications in interstate commerce to defraud lenders, service providers, and business associates out of (i) funds loaned and entrusted to them, and (ii) property interests to which they were not entitled; and (b) surreptitiously diverting such funds and interests to Thomas and Olswang and their companies. Contrary to Defendants' contention, the RICO and other claims asserted in both complaints are similar and warrant consolidation.

3. Defendants next assert that consolidation would subject Defendants to "extreme prejudice"; however, Defendants make only conclusory statements of unspecified hypothetical prejudice. Defendants fail to list one example of how they would be disadvantaged or prejudiced. Defendants provide a list the parties in the respective complaints but fail to specify how consolidation would prejudice them in the least. The reality is that the two cases the Plaintiffs have identical RICO claims against the same Defendants. The primary Defendants are the same in both cases that being John Everest Thomas, Daniel Olswang and Freedom Development Group, LLC who are as alleged in both complaints the owners and managers of the other named party Defendants. Defendants note that some entities named in the Denkewalter complaint are not named as party Defendants in the Remily and Hansen complaint; however, both complaints allege that each of the other party defendants is an alter ego of Thomas and Olswang that are alleged in both complaints to be the owners and managers of all named Defendants who implemented a scheme of wire fraud through interstate commerce to deprive Plaintiffs, Remily, Hansen and Denkewalter of monies and assets for their personal gain.

To allay Defendants' concern that the named Defendants are not identical in both complaints, upon consolidation, Plaintiffs Remily and Hansen will amend their complaint and dismiss Denkewalter as a party Defendant at which time Remily and Hansen will name and serve the missing alter ego Defendants to match the named Defendants in both cases completely.

In conclusion, in both cases Plaintiffs' claims involve violations of the RICO statute alleging that Defendants, engaged in a pattern of conduct using U.S mail and wire communications in interstate commerce to defraud defendants and both cases involve common questions of fact in that in each case the Defendants borrowed money from the Plaintiffs for specific projects which projects were aborted and instead of returning the funds to the Plaintiffs, the Defendants engaged in a pattern of systematically diverting the fund for

3

their own personal use and their business interests. Consequently, judicial convenience and economy will be promoted by consolidation of the two cases.

                                                Respectfully submitted,


                                                /s/ Juan M. Soliz


Juan M. Soliz, Esq.
Attorney for Plaintiffs Remily and Hansen
3203 S. Pulaski Rd
Chicago, IL 60623
(773) 277-6155
lawsoliz@sbcglobal.net
Attorney No. 3123126


### CERTIFICATE OF FILING AND SERVICE

I, Juan M. Soliz, do hereby certify that a true and correct copy of. the Plaintiff's Reply to Opposition to Consolidation was electronically filed using this Court's CM/ECF system. Notice of this filing will be sent via email and by electronic mail to all parties by operation of the Courts CM/ ECF system. Parties may access, the filing through the Court's electronic filing system.

October 2, 2022

                                                /s/Juan M. Soliz
                                                Juan M. Soliz


Juan M. Soliz, Esq.
Attorney for Plaintiffs Remily and Hansen
3203 S. Pulaski Rd
Chicago, IL 60623
(773) 277-6155
lawsoliz@sbcglobal.net
Attorney No. 3123126